IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 10, 2002 Session

## GREGORY PIGG v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Wayne County**
**No. 10701-7-93; 9983     Stella L. Hargrove, Judge**

_____

**No. M2001-01423-CCA-R3-PC - Filed April 30, 2002**

_____

The petitioner originally pled guilty to aggravated rape and, by agreement, was sentenced to fifteen years imprisonment. Petitioner timely sought post-conviction relief, which was denied by the post-conviction court. In this appeal, the petitioner contends he received ineffective assistance of counsel. We disagree and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

William J. Eledge, Lawrenceburg, Tennessee, for the appellant, Gregory Pigg.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; T. Michael Bottoms, District Attorney General; and J. Douglas Dicus, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the factual recitation at the guilty plea acceptance hearing, the petitioner entered a best interest guilty plea to aggravated rape for his sexual penetration of a child under thirteen years of age. The trial court then sentenced the defendant to a minimum fifteen-year sentence pursuant to the plea agreement.

**POST-CONVICTION HEARING TESTIMONY**

The petitioner's trial counsel, who represented petitioner at the guilty plea acceptance hearing, testified he met with the petitioner on several occasions prior to entry of the guilty plea; he investigated the factual circumstances of the case; he filed over ten motions prior to entry of the plea

agreement; he negotiated a plea offer where the state recommended the minimum sentence; he explained to petitioner the aspects of the plea offer prior to the day of the plea; and the petitioner never exhibited behavior illustrating a need for a mental evaluation. Additionally, counsel testified the petitioner appeared to comprehend the plea agreement. No other witness testified at the post-conviction hearing.

The post-conviction court found no deficiency by trial counsel, nor prejudice to the petitioner. The post-conviction court further concluded the guilty plea was knowingly and voluntarily entered. The petition was dismissed.

In this appeal, petitioner specifically asserts his trial counsel was ineffective by not requesting a mental evaluation, especially since counsel had knowledge of petitioner's history as a sexual abuse victim.


### INEFFECTIVE ASSISTANCE OF COUNSEL

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving (1) that counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S .W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; *see* Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

The trial court entered detailed written findings concluding the guilty plea hearing transcript and trial counsel's testimony sufficiently established the petitioner received effective assistance of counsel. The trial court further noted that petitioner's mental health was never an issue; petitioner communicated well with his counsel; and there was no justification for a mental health evaluation. The trial court further found the petitioner failed to prove he suffered any prejudice from counsel's representation. This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). The

evidence does not preponderate against those findings.  Moreover, our independent review of the record finds no reversible error.  This issue is without merit.

We affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE